OPINION
Eric Hight appeals from a judgment entered in the Auglaize County Court of Common Pleas revoking his probation and imposing the execution of a suspended sentence.
On November 12, 1992, Hight pled guilty to two offenses, Abduction, a third degree felony in violation of R.C. §2905.02(A)(2) and Sexual Battery, a third degree felony in violation of R.C. § 2907.03(A)(1). On December 17, 1992 Hight was sentenced to serve an ". . . INdefinite [prison] term of NOT LESS THAN FIVE (5) YEARS NOR MORE THAN TEN (10) YEARS . . ." on the Abduction offense and ". . . a definite [prison] term of TWO (2) YEARS . . ." on the Sexual Battery offense. (J.E. 12-17-92). The court ordered Hight to serve his prison terms consecutively, but suspended the term imposed for the Abduction offense in favor of five years probation. Hight served his two-year term for the Sexual Battery offense and then was released from prison and began serving a five-year probationary term on the Abduction offense.
While on probation, on September 30, 1998, Hight was found guilty in the Celina Municipal Court of committing the offense of Domestic Violence in violation of R.C. § 2919.25(A). On October 5, 1998 the State moved the Auglaize County Court of Common Pleas to revoke Hight's probation and impose the execution of Hight's suspended sentence. On November 25, 1998, the trial court, upon Hight's admission that he violated terms of his probation, imposed Hight's suspended five to ten year sentence. Hight now appeals from this judgment and raises two assignments of error.
I.
Hight's first assignment of error states:
 Eric Hight's probation was revoked without the due process of law required by the Fourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution because he did not understand the charge against him or the consequences of his admission to the charge.
On October 6, 1998, Hight made his initial appearance before the trial court on his probation violation charge. At that hearing, the judge advised Hight the following:
 It is alleged that you violated your probation in that it is alleged that you committed domestic violence against Carol Hight in or around Neptune, Ohio on or about September 29, 1998, and that on or about October 1, 1998, you failed to comply with verbal orders given to you by your supervising officer by having visitation with Carol Hight in or around Celina, Ohio.
(10-6-98 Tr. p. 2).
 Hight was also informed that "If you are found guilty of violating your terms and conditions of probation the Court can re-impose the not less than five (5) years nor more than ten (10) year sentence contained in Count I of the charges of abduction and sexual battery." (10-6-98 Tr. pp. 2-3). Finally, Hight acknowledged he understood the consequences of violating the terms of his probation when he spoke to the trial judge regarding his bond. Hight stated: "If I was going to commit another crime while I was out on bond or out on, you know, whatever, wouldn't that be stupid on my part since I'm already facing five (5) to ten (10) years in the penitentiary?" (10-6-98 Tr. p. 12).
On November 25, 1998 a merit hearing was scheduled on the State's motion to revoke Hight's probation. Hight appeared at this hearing with counsel and was advised by the trial judge of his constitutional rights. Thereafter, Hight expressed his desire to enter an admission to the alleged violation based on a negotiated plea agreement with the State. The trial judge advised Hight of those constitutional rights he would be waiving by admitting to the probation violation charge. The judge did not, however, immediately remind Hight of the possible sentence Hight could serve if found guilty of the probation violation charge. The judge asked Hight if he admitted the violation and Hight stated that he did admit he violated a term of his probation. After Hight made this admission, the judge then stated the punishment that Hight was "looking at" was "not less than five (5) nor more than ten (10) years." (11-25-98 Tr. p. 7). The trial judge then asked Hight, "And it's still your desire to go forward and enter this admission today?" Hight responded, "Yes." (11-25-98 Tr. p. 7).
Hight concedes this case raises a Crim. R. 11(C)(2)(a) inquiry, in that the issue is whether Hight's admission to his probation violation charge was entered knowingly and voluntarily. See, e.g. State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. The proceedings that are required by Crim. R. 11 ensure that an adequate record will be available upon which to review whether a defendant voluntarily entered his plea or admission. Nero,56 Ohio St. 3d at 107, 564 N.E.2d at 475-476. Criminal Rule 11(C)(2)(a) states that a trial court may not accept a plea of guilty or no contest in a felony case until after the court has "determin[ed] that [the defendant] is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved . . ." Crim. R. 11(C)(2)(a). A plea or admission challenged on the basis that it was not made voluntarily, with understanding of the nature of the charge and the maximum penalty available, is properly accepted where the defendant "subjectively" understands the consequences of his admission and is unable to show that his plea would have otherwise not been made. Nero, supra at 108.
Here, Hight argues that he was not advised of the nature of his probationary offense because the trial judge did not discuss with him the elements of the crime of Domestic Violence. At his initial appearance on October 6, 1998 and at his subsequent hearing on November 25, 1998, Hight was informed that it was alleged he violated a term of his probation by committing a crime, namely Domestic Violence in violation of R.C. § 2919.25(A). At the later hearing, the State introduced into evidence, without objection from Hight, a certified copy of a journal entry from the Celina Municipal Court indicating that Hight had been found guilty and sentenced for committing the crime of Domestic Violence during his probationary term. The court then asked Hight whether he admitted or denied that he violated a term of his probation based on his commission of such offense. Hight was not asked, nor should he have been, whether committed an act of Domestic Violence.
Whether the trial court sufficiently described the elements of a crime that happened to be a circumstance for Hight's alleged probation violation is simply not relevant. The issue at the probation revocation hearing was not whether Hight would admit he committed the offense of Domestic Violence, but rather whether Hight was willing to admit he violated terms of his probation, the first of which was that he "obey . . . state . . . laws." (Conditions of Supervision, signed by Hight on 2-7-94). Accordingly, the trial court sufficiently explained to Hight the nature of his offense, an alleged probation violation.
Hight also contends his admission was not made knowingly because the trial judge requested his admission before advising him of the consequences of that admission. However, the trial court informed Hight of the consequences of his alleged probation violation at his initial hearing. Further, Hight even stated accurately at that hearing his understanding of the possible consequences for violating terms of his probation. Finally, Hight was given an opportunity to rethink his admission after the court advised him of the maximum punishment available but chose not to rescind his admission. Under the totality of the circumstances here, the trial court complied substantially with the requirements of Crim. R. 11 and did not violate Hight's right to due process of law under either the United States or Ohio Constitutions. Nero,56 Ohio St.3d 106, 564 N.E.2d 474.
Hight's first assignment of error is overruled.
 II.
Hight's second assignment of error states:
 Eric Hight was substantially prejudiced because he did not receive the effective assistance of counsel, which he is guaranteed by the Sixth Amendment of the United States Constitution, because his attorney erroneously told the court that there was no reason not to revoke Mr. Hight's probation.
Hight argues that he was afforded ineffective assistance of counsel because his attorney answered a question in a manner that Hight contends was not in his best interest. After Hight admitted to the probation violation charge as part of a plea agreement, the trial judge asked Hight's attorney:
Court: "Mr. Siesel, is there any reason why sentencing should not be revoked? Or probation should not be revoked?"
Attorney: "No, Your Honor."
(11-25-98 Tr. p. 7).
The court then revoked Hight's probation and inquired of Hight's attorney whether he wished to be heard in mitigation of sentence. Hight's attorney then argued that Hight's suspended sentence should not be imposed, but rather probation should be "reinstated." (11-25-98 Tr. p. 8). Hight's attorney argued that because Hight was "leading (sic) a law abiding life for a significant period of time," the original prison term should not be imposed. Id. Hight's attorney also noted that Hight had only a short period of time remaining on his five-year probationary term when the present violation occurred. Hight also spoke in mitigation. Nevertheless, the court imposed the execution of Hight's suspended five to ten year sentence.
Hight contends his attorney's response to the question posed by the trial court constituted ineffective assistance of counsel. The burden of showing ineffective assistance is on the defendant. State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128.
 First, the defendant must show that counsel's performance was deficient. This requires showing counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
State v. Davis (Mar. 2, 1994), Seneca App. No 13-93-24, *2, unreported, quoting Strickland v. Washington, (1984),466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052. There also is a "strong presumption" that counsel's performance was reasonably professional. State v. Cook (1992), 65 Ohio St.3d 516, 524,605 N.E.2d 70, 81.
Here, the attorney's response to the trial court's question must be viewed in the context of the entire colloquy. While Hight's attorney did initially concede that that there was no reason Hight's probation should not be revoked, this question was asked immediately after Hight had admitted he violated a term of his probation by committing a crime of violence. Hight's attorney did not rest on this concession. Rather, he argued that Hight's probation should nevertheless be "reinstated" based on his client's demonstrated ability to live a law abiding lifestyle, save for this one incident. It is clear from the entire record that Hight's attorney chose to employ a conciliatory argument. While this strategy may differ than one preferred by Hight, the argument clearly did not concede that Hight should be imprisoned based on his probation violation. Accordingly, because the record does not support Hight's assertion that that his attorney failed to argue for continued probation, even if such conduct could be indicative of deficient performance of counsel, Hight was not denied effective assistance of counsel. Strickland, supra.
Hight's second assignment of error is overruled.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.